UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK ALAN GIDDIS,

    Petitioner,                                                      Case No. 14-12160

v.

                                                           HON. AVERN COHN

MARY BERGHUIS,

    Respondent.
_____/

**MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

### I.  Introduction

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Patrick Alan Giddis, (Petitioner), a state prisoner, has filed a petition for writ of habeas corpus through counsel in which he challenges his conviction for delivery of between 50 and 449 grams of cocaine, M.C.L. § 333.7401(2)(a)(iii); and his sentence enhancement as a second controlled substances offender, M.C.L. § 333.7413.  Respondent, through the Jackson County Prosecutor's Office, filed a response, arguing that Petitioner's claims are without merit.  For the reasons which follow, the petition will be denied.

### II.  Procedural History

Petitioner was charged in two different cases with delivering between 50 and 449 grams of cocaine.  Petitioner was also initially charged with being a fourth felony habitual offender, which raised the maximum possible penalty on these two charges

from twenty years to life in prison.[1]

On November 24, 2010, Petitioner pleaded guilty to one count of delivering between 50 and 449 grams of cocaine. In exchange for his plea, the prosecutor agreed to dismiss the other case, in which Petitioner's girlfriend was a defendant. The parties also agreed that Petitioner would be sentenced as a second controlled substances offender, rather than a fourth felony habitual offender.

Prior to sentencing, Petitioner filed a motion to disqualify the trial judge which was denied. Petitioner appealed. The Michigan Court of Appeals denied relief. See People v. Giddis, No. 302516 (Mich. Ct. App. Mar. 9, 2011).

On March 10, 2011, Petitioner was sentenced to 23 to 40 years in prison. However, the trial court later granted Petitioner's motion for re-sentencing (challenging some guideline scoring and urging a shorter sentence based on Petitioner's prison record). The trial court re-sentenced Petitioner to 15 to 40 forty years in prison, noting the reduction was due for Petitioner's good behavior in prison.

Petitioner appealed, presenting the same claims raised in the instant petition. The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal for "lack of merit" in a standard order. People v. Giddis, No. 310730 (Mich. Ct. App. Aug. 3, 2012). The Michigan Supreme Court also denied leave. People v. Giddis, 493 Mich. 897 (2012); reconsideration den. 493 Mich. 944 (2013).

Petitioner seeks a writ of habeas corpus on the following grounds:

---

[1] Under M.C.L. § 769.12(1)(a), a fourth felony habitual offender can be sentenced to up to life in prison if his current felony carries a maximum sentence of five or more years in prison.

I. Petitioner was denied due process by the ex post conversion of prior misdemeanor into a felony and using the same for enhancement of sentence for the current offense being a second felony drug offense.

II. Petitioner's disproportionate sentence violates the VIII and XIV Amendments.

III. Sentencing procedure was invalid, constituting a jurisdictional defect and structural error where the sentencing judge was not impartial.

IV. MCL 333.7413(2) as applied to petitioner is unconstitutional, denying due process and being applied in an arbitrary and capricious manner.

### III.  Analysis

### A.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court

3

concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102(citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id.  To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

The Michigan Court of Appeals denied petitioner's application for leave to appeal on petitioner's direct appeal in a form order "for lack of merit in the grounds presented."  The Michigan Supreme Court subsequently denied petitioner leave to appeal in a standard form order without any extended discussion.  Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. Harrington, 562

U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Id. In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. Id. at 99-100.

In the present case, the AEDPA deferential standard of review applies to petitioner's case where the Michigan Court of Appeals rejected petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. See Werth v. Bell, 692 F.3d 486, 492-94 (6th Cir. 2012).

### B. Petitioner's Claims

Because Petitioner's claims are interrelated, they are addressed together. As will be explained three of his claims (claims one, two, and four) relate to his sentence. In his third claim, Petitioner contends that the trial judge was biased and should have recused himself.

### 1. Sentencing Based Claims

State courts are the final arbiters of state law. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir. 2002). Therefore, claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the

5

sentence imposed exceeded the statutory limits or is wholly unauthorized by law. See Vliet v. Renico, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). Thus, a sentence imposed within the statutory limits is not generally subject to habeas review. Townsend v. Burke, 334 U.S. 736, 741 (1948); Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

In his first claim, Petitioner argues that his sentence should not have been enhanced under Michigan's repeat controlled substance statute because the prior possession of marijuana conviction that was used to enhance petitioner's sentence was a misdemeanor not a felony. Petitioner contends that only prior drug felony convictions can be used to enhance a drug defendant's sentence as a repeat controlled substances offender.

This claim involves the application of Michigan's habitual offender or recidivist laws. It is not-cognizable on habeas review because it involves an application of state law. See Rodriguez v. Jones, 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009); Grays v. Lafler, 618 F. Supp. 2d 736, 751 (W.D. Mich. 2008). Petitioner is therefore not entitled to relief on his first claim.

Moreover, the claim lacks merit. Under the repeat controlled substance offender statute, M.C.L. § 333.7413(2), a sentencing court is permitted to double the maximum term for the underlying drug offense, as well as the recommended minimum sentencing range. See People v. Williams, 268 Mich. App. 416; 707 N.W. 2d 624 (2005). M.C.L. § 333.7413(5) states:

> For purposes of subsection (2), an offense is considered a second or subsequent offense, if, before conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United

States or of any state relating to a narcotic drug, marihuana, depressant, stimulant, or hallucinogenic drug.

This section does not limit the prosecution to using only prior felony drug convictions for enhancement purposes. Under Michigan law, a prior misdemeanor conviction can serve as a predicate offense under M.C.L. § 333.7413. See e.g. People v. Bylsma, 493 Mich. 17, 24, n. 9; 825 N.W.2d 543 (2012).

Petitioner relies on the Michigan Supreme Court's holding in People v. Wyrick, 474 Mich. 947 (2005). This case does not aid Petitioner. In Wyrick, the issue before the Michigan Supreme Court was whether possession of marijuana, second offense, constituted "another felony" for purposes of the consecutive sentencing provision of the Public Health Code, M.C.L. § 333.7401(3), not whether a prior misdemeanor drug conviction could be used to enhance a sentence under § 333.7413. Overall, Petitioner is not entitled to relief on his first claim.

In his second claim, petitioner contends that his sentence of fifteen to forty years is disproportionate to the offense and to the offender. In his related fourth claim, petitioner argues that Michigan's repeat controlled substances law violates his right to individualized sentencing.

Petitioner's claim that his sentence is disproportionate under state law fails to state a claim for federal habeas relief. See Austin v. Jackson, 213 F. 3d 298, 300 (6th Cir. 2000). There is also no federal constitutional right to individualized sentencing. See United States v. Thomas, 49 F. 3d 253, 261 (6th Cir. 1995).

To the extent he challenges his sentence under federal law as violating the Eighth Amendment, he has a formidable challenge. Petitioner may obtain relief only by

7

demonstrating that a state court decision contravened or misapplied "clearly established" Supreme Court precedent. The Supreme Court has acknowledged "that our precedents in this area have not been a model of clarity." Lockyer v. Andrade, 538 U.S. 63, 72 (2003). "Indeed, in determining whether a particular sentence for a term of years can violate the Eighth Amendment, we have not established a clear or consistent path for courts to follow." Id. Thus, the Supreme Court declared that the general applicability of the proportionality standard to term-of-years sentences was clearly established, but confessed a lack of clarity as to the factors lower courts should consider in making that determination. Id. The Supreme Court concluded that "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." Id.

A plurality of the Supreme Court has held that the Eighth Amendment does not require strict proportionality between the crime and sentence. Harmelin v. Michigan, 501 U.S. 957, 965 (1991). As the Supreme Court observed in Lockyer, it is generally recognized after Harmelin that the Cruel and Unusual Punishment Clause of the Eighth Amendment forbids only an extreme disparity between crime and sentence, that is, sentences that are "grossly disproportionate" to the crime. Id. at 1001 (Kennedy, J., concurring); Coleman v. Mitchell, 268 F. 3d 417, 453 (6th Cir. 2001)(citing Coker v. Georgia, 433 U.S. 584, 592 (1977)); United States v. Hopper, 941 F. 2d 419, 422 (6th Cir. 1991)).

Here, Petitioner's sentence fell within the maximum sentence set by state law,

and "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" United States v. Organek, 65 F. 3d 60, 62 (6th Cir. 1995)(citation omitted)(quoted with approval in Austin v. Jackson, 213 F. 3d at 302). "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" Austin, 213 F. 3d at 301 (quoting Williams v. New York, 337 U.S. 241, 245 (1949)).

In light of "the vagueness of the gross-disproportionality principle and the admonition that the principle is "applicable only in the 'exceedingly rare' and 'extreme' case," Petitioner cannot prevail on his proportionality claim. Morever, given that the Supreme Court in Harmelin concluded that a sentence of life imprisonment without parole for the offense of possession of more than 650 grams of cocaine was constitutional, Petitioner's sentence of fifteen to forty years in prison for delivery of between 50 and 449 grams of cocaine and being a second controlled substances offender is not grossly disproportionate. See Smith, 509 F. App'x at 484 (sixty year sentence imposed on defendant convicted of possession with intent to sell 1.4 grams of crack cocaine did not entitle petitioner to habeas relief, in light of state court's finding (1) that it was a drug crime and the pervasive societal problems that drugs cause; (2) that it was done in a school zone and the need to protect children from criminal activity; and (3) defendant's lengthy criminal record of seven prior drug felonies); Friday v. Straub, 175 F. Supp. 2d 933, 941 (E.D. Mich. 2001)(sentence of 22 to 40 years' imprisonment was not cruel and unusual punishment, in violation of the Eighth

Amendment, when the defendant, who was convicted of delivering <u>less than</u> 50 grams of cocaine, was sentenced as habitual offender, third offense)(emphasis added); <u>Sanders v. McKee,</u> 276 F. Supp. 2d 691, 700 (E.D. Mich. 2003)(defendant's sentence to 15 to 40 years' imprisonment for delivering, and conspiring to deliver, <u>less than</u> 50 grams of cocaine was not grossly disproportionate, and thus, did not violate the Eighth Amendment's prohibition of cruel and unusual punishment)(emphasis added). Petitioner is therefore not entitled to relief on his second and fourth claims.

## 2. Bias Claim

Petitioner in his third claim alleges that the trial judge should have recused himself from the case because he made findings of fact at the sentencing of Petitioner's girlfriend in another case that the money and drugs found at her house belonged to Petitioner and not to other individuals, including an individual who is the son of a former Jackson County Circuit Court judge. The charges against Petitioner in the case involving his girlfriend were dropped as part of his agreement to plead guilty to the cocaine delivery charge at issue in his petition.

The Due Process Clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or an interest in the outcome of the case. See <u>Bracy v. Gramley</u>, 520 U.S. 899, 904-05 (1997). To sustain a claim of judicial bias, a defendant must show either actual bias or the appearance of bias creating a conclusive presumption of actual bias. <u>United States v. Lowe</u>, 106 F. 3d 1498, 1504 (6th Cir. 1997). "Under this standard, '[o]nly in the most extreme of cases would disqualification on the basis of bias and prejudice be

constitutionally required.'" Getsy v. Mitchell, 495 F.3d 295, 311 (6th Cir. 2007)(quoting Williams v. Anderson, 460 F.3d 789, 814 (6th Cir. 2006)). A judge is required to recuse himself or herself only where he or she has actual bias or "a predisposition 'so extreme as to display clear inability to render fair judgment.'" Johnson v. Bagley, 544 F. 3d 592, 597 (6th Cir. 2008)(quoting Liteky v. United States, 510 U.S. 540, 551 (1994)). In reviewing a judicial bias claim, a federal habeas court should employ the initial presumption that the assigned trial judge properly discharged his or her official duties. See Johnson v. Warren, 344 F. Supp. 2d 1081, 1093 (E.D. Mich. 2004).

Here, Petitioner does not allege, nor establish, that the trial judge had any actual bias against him. Petitioner instead claims that the trial judge made a factual finding in a different case involving his girlfriend that impacted him. At Petitioner's original sentencing, the trial judge specifically indicated that he was not relying on what happened in the other case in fashioning Petitioner's sentence but instead relied only on what happened in Petitioner's case. There is no showing from the original sentence or the re-sentencing that the trial judge relied on any information from his girlfriend's case in sentencing Petitioner. Moreover, even if the trial judge relied on any such information, Petitioner has not shown that such information was false.

Petitioner also argues that the trial judge should have recused himself because one of the individuals involved in his girlfriend's case was the son of a former Jackson County Circuit Court judge. This argument lacks merit. Any appearance of bias arising from the familial relationship between a former judge of the Jackson County Circuit Court and a co-defendant in Petitioner's girlfriend's case did not require the trial judge

to recuse himself. More importantly, it was not contrary to or an unreasonable application of clearly established Supreme Court precedent as the Supreme Court has never held that the mere appearance of bias, outside limited contexts, could give rise to a due process violation. Railey v. Webb, 540 F.3d 393, 413-14(6th Cir. 2008) Railey v. Webb, 540 F.3d at 413-14. Other circuits have reached the same conclusion. See Davis v. Jones, 506 F.3d 1325, 1333-37 (11th Cir. 2007)(petitioner not entitled to habeas relief on judicial bias claim based on fact that judge's brother had been among prosecutors at the juvenile pre-trial hearing, where there was no contention or showing of actual bias; no United States Supreme Court decision held that appearance of partiality violated due process). Petitioner is not entitled to relief on his third claim.

### IV. Conclusion

For the reasons stated above, the state courts' rejection of Petitioner's claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. Accordingly, the petition for a writ of habeas corpus is **DENIED.** This case is **DISMISSED**.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore **DECLINES** to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). [2] See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

[2] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

**SO ORDERED.**

                                                          <u>S/Avern Cohn</u>
                                                        AVERN COHN
                                                        UNITED STATES DISTRICT JUDGE

Dated: June 9, 2016
      Detroit, Michigan

---